{¶ 24} I respectfully concur with the analysis and judgment of the opinion authored by Judge Calabrese affirming the decision of the trial court to classify Sevayega as a sexual predator. I write separately to address concerns about the application of R.C. 2950.09 to specific facts and the practicality of the statute as a protection for the general public as intended by the Ohio legislature. I also wish to address many of the compelling points raised by Judge McMonagle in his thoughtful dissent.
 {¶ 25} A sexual predator is defined by R.C. 2950.01(E) as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The statute, in its present form, provides little clarity for identifying who is a risk to reoffend. The stark reality is that determinations involving sexual predator classifications are often based on a "hodge podge" of standards with varying and sometimes questionable degrees of certainty covering various "risk" factors. There is a growing view that the resulting classifications are inconsistent, unscientific, and untenable. Many feel they do not actually assess risks or provide sufficient protection to the general public.
 {¶ 26} Under the statute that applies to Sevayega, to classify an offender as a sexual predator a trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence which establishes in the mind of the trier of fact a firm belief or conviction as to the facts sought to be proved. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 27} In making a determination under the statute, the trial court must consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3) (formerly R.C. 2950.09(B)(2)).
 {¶ 28} In the instant case, as Judge McMonagle points out, much of the purported evidence was never actually admitted into the record. Although I agree with Judge McMonagle's thoughtful analysis on that issue, I believe the testimony evidenced in the record by the five victims sexually harassed by Sevayega is compelling. Although it is significant that the events outlined in this testimony are more than ten years old and Sevayega is now aged 66, prior conduct is a clear indicator of future behavior. The behavior described in the testimony, in my view, goes beyond sexual harassment. This conduct, outlined by multiple victims, shows a serial pattern of inappropriate behavior towards women warranting a sexual predator classification. This testimony establishes by clear and convincing evidence that Sevayega is likely to reoffend.
 {¶ 29} There are inherent problems with the application of the sexual predator statute that are evident in this case. First, the entire analysis is clouded by conducting a House Bill 180 hearing, years after the initial conviction.[1] In addition, the best evidence of whether a person is likely to reoffend, or even the clinical analysis of the risk to reoffend, is often based on behavioral characteristics exhibited years earlier. Further, current behaviors offered as evidence, both against and in favor of the designation, must be measured in light of the fact that they are displayed in a controlled prison setting, away from the realities of everyday life.
 {¶ 30} The record reflects that the trial court referenced R.C. 2950.09(B)(2)(h) and (j) as the basis for the predator determination, yet these provisions are very broad and do not take into account the age of the information or the specific nature of the evidence presented. Arguably, Sevayega only minimally meets any of the factors for predator classification outlined in the statute. Nevertheless, despite these shortcomings, it is the consistent testimony of ancillary victims, albeit dated, detailing prior misconduct, that is the most compelling predictor of future behavior in this case.
 {¶ 31} Although Judge McMonagle is correct that the Supreme Court of Ohio in Eppinger, supra, clearly stated "* * * a psychologist, psychiatrist or other expert in the field of predicting future behavior may be the best tool available to the court to assist it in making these determinations," these reports, in their present form, are rarely definitive. The psychiatric evaluation offered here categorized Sevayega as having a low risk to reoffend. The analysis indicates Sevayega as having a 6 percent risk to reoffend within five years, a 7 percent risk to reoffend within ten years, and a 7 percent risk to reoffend within fifteen years. Surprisingly, this evaluation places Sevayega at a higher risk to reoffend at the age of 81, twenty-five years after the original offense, than today. Often the evaluations in these cases are in conflict. Such divergent evaluations by purported experts do little to increase confidence in the current psychiatric evaluation process involving alleged predators.[2]
 {¶ 32} By not mandating narrow, clearly defined factors for sexual predator classifications, inconsistencies and inequities in classification occur between similarly situated sexual offenders. By mandating a clear legal standard for classification, the factual inconsistencies between judgments would diminish. The questionable "a la carte" method of selection between purported factors does little to effectively label those at high risk to reoffend or offer valid protection to the public. Nevertheless, because the evidence in the record details a serial pattern of prior misconduct, which is arguably the best predictor of future conduct, I would affirm the decision of the trial court.
[1] R.C. 2950.09(C)(1) addresses sexually oriented offenders convicted prior to January 1, 1997. Sevayega was convicted of rape under R.C. 2907.02 on July 6, 1993.
[2] In this case, the trial court rejected the testimony of the state's expert witness, a licensed clinical counselor. Her evaluation categorized the risk as "somewhere between the high side of medium and the low side of high," yet she admitted she never conducted any research on recidivism and had only taken a three-day seminar on the issue of predicting sexual offender behavior before testifying in twenty-five cases as an expert.